UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| NICOLA MARIE DUGGER | ) | |
|---|---|---|
| | ) | |
| V. | ) | NO. 2:16-CV-34 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 23] for an award of attorney fees to be paid directly to plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The defendant does not oppose the amount of fees requested in the Motion. However, the defendant does oppose the payment of the fee directly to the plaintiff's attorney based upon the holding in *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010).

The initial issue is whether a fee under the EAJA is appropriate in the first place. The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees under the Equal Access to

Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

An affidavit of the hours expended by plaintiff's counsel has been submitted. The undersigned finds them to be reasonable. No request was made for an award of expenses or costs.

The next issue is whether the fee should be paid to plaintiff, or to her counsel. As stated by the Commissioner, *Astrue v. Ratliff, supra*, held that under the EAJA, any award of an attorney fee is directly payable to the plaintiff, and that any such award may be subject to an offset to satisfy a pre-existing debt owed by such a plaintiff to the United States. Counsel attached a copy of an assignment [Doc. 23-2] from the plaintiff assigning to him the right to be paid directly any fees that may be awarded pursuant to the EAJA.

This Court finds that the Commissioner is correct. *See, Ratliff, supra*; and *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 448-49 (6th Cir. 2009) which stated "[L]ike the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the

2

EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA." As has been true in past cases,[1] the Court presumes that with the approval of the amount of the attorney fee to the plaintiff set out above, the inquiry will ***promptly*** be made to the Treasury Department as to whether any such indebtedness to the United States exists, and whether the Commissioner will honor the assignment to counsel.

It is respectfully recommended that the plaintiff's Motion be GRANTED, and that plaintiff be awarded EAJA fees in the amount of $3,276.00.[2]

Respectfully recommended:

s/ Clifton L. Corker
United States Magistrate Judge

---

[1] *See, Chesser v. Colvin*, Case No. 2:12-CV-214 [Doc. 31].

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).